983 F.2d 1058
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Abidemi Bashiru COKER, a/k/a Al Haji, Defendant-Appellant.
 No. 91-5891.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: November 11, 1992
Decided: December 30, 1992
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, Chief District Judge. (CR-91-220-A)
 Jonathan Shapiro, Jonathan Shapiro & Associates, P.C., Alexandria, Virginia, for Appellant.
 Richard Cullen, United States Attorney, James L. Trump, Assistant United States Attorney, Liam O'Grady, Assistant United States Attorney, Alexandria, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before HALL and WILLIAMS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Abidemi Bashiru Coker was convicted by a jury of conspiring to distribute and to possess with intent to distribute more than a kilogram of heroin (21 U.S.C.A. § 846 (West Supp. 1992)). He appeals his conviction and sentence on the grounds that the district court abused its discretion in admitting evidence of other bad acts and clearly erred in determining his offense level. We affirm.
 
 
 2
 From April 1990 until November 1990, Coker distributed heroin imported into the Washington, D.C., area by a group of Ghanaians under the leadership of Dickson Danso (K.D.) Agyei. The indictment charged Coker with participation in that conspiracy. Coker defended himself by suggesting that all the conspirators who testified for the government were lying about his involvement or confusing him with a heroin dealer who went by the same nickname (Al Haji) as Coker did.
 
 
 3
 Coker also sought unsuccessfully to exclude testimony by heroin dealer Doris Dokwa, the sister of one of the conspirators in the Agyei group. Coker met Dokwa in November 1990, when the Agyei group had slowed importations because of the arrest of several of its couriers. Dokwa related how her boyfriend, who worked as a mechanic at Coker's cab company, introduced her to Coker specifically because Coker also was dealing in heroin and might become a customer of hers. Dokwa testified that Coker was interested in buying heroin from her, though she had none to sell at the time. Over the next few months, he inquired several times whether any couriers had come from Ghana, called her on the phone to attempt a deal, and tried to raise enough money for a heroin purchase when her cousin went to Ghana.
 
 
 4
 Federal Rule of Evidence 404(b) "is an inclusive rule that allows admission of other acts relevant to an issue at trial except that which proves only criminal disposition." United States v. Watford, 894 F.2d 665, 671 (4th Cir. 1990). The district court must balance the probative value of the evidence, that is, its relevance, necessity, and reliability, against the potential prejudice to the Defendant. United States v. Hadaway, 681 F.2d 214, 217 (4th Cir. 1982). Evidence is only relevant if it is "sufficiently related to the charged offense." United States v. Rawle, 845 F.2d 1244, 1247 n.3 (4th Cir. 1988). In this case, Dokwa's evidence was relevant and not unfairly prejudicial. Even though it concerned another conspiracy, it corroborated the testimony of witnesses from the Agyei conspiracy by showing that when Dokwa came in contact with Coker in November 1990, he was already an experienced and knowledgeable heroin dealer and anxious to continue selling heroin. We find that the district court did not abuse its discretion in admitting her testimony.[1]
 
 
 5
 Coker maintains that only the amounts of heroin he actually received for distribution should have been used to calculate his offense level because he could not foresee the true extent of the conspiracy. See U.S.S.G. § 1B1.3(a)(1), comment. (n.1).[2] Although Coker was an outsider brought into an ongoing conspiracy to replace the original distributor after his arrest in Ghana, Coker's role was an important one during the time he performed it. He regularly disposed of sizeable amounts of heroin which were brought into the country and was disappointed when the flow stopped. He could hardly have been unaware of the scale on which the conspiracy had operated and continued to operate while he was a participant. The district court's factual finding that all the heroin imported after Coker entered the conspiracy was foreseeable to him, therefore, is not clearly erroneous.
 
 
 6
 Accordingly, we affirm the conviction and judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED t! EOF
 
 
 [1]
 We also note that, even if the disputed evidence was erroneously admitted, the error was harmless in light of the overwhelming direct evidence of Coker's participation in the Agyei distribution group
 
 
 [2]
 United States Sentencing Commission, Guidelines Manual (Nov. 1991)